**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHAWN GREEN,

                              Plaintiff,

              v.                                             No. 14-CV-1215
                                                             (BKS/CFH)
D. VENETTOZZI; et al.,

                              Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**


**APPEARANCES:**                          **OF COUNSEL:**

Shawn Green
Plaintiff <u>Pro</u> <u>Se</u>
97-A-0801
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929

HON. ERIC T. SCHNEIDERMAN              DENISE P. BUCKLEY, ESQ.
Attorney General for the               Assistant Attorney General
   State of New York
The Capitol
Albany, New York 12224
Attorney for Defendants

## REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff <u>pro</u> <u>se</u> Shawn Green ("Green" or "Plaintiff"), an inmate who was, at all

relevant times, in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 against

---

        [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C.
§ 636(b) and N.D.N.Y.L.R. 72.3(c).

numerous defendants alleging violations of his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution, as well as the Americans with Disabilities Act ("ADA"). Dkt. No. 1 ("Compl."). Plaintiff commenced this action on October 6, 2014, seeking declaratory, injunctive, and monetary relief. Id. at 10-11. Plaintiff filed an amended complaint on July 15, 2015. Dkt. No. 16 ("Am. Compl."). Presently pending is defendants' motion to conditionally dismiss the amended complaint pursuant to 28 U.S.C. § 1915(g) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 11. Dkt. No. 55. For the following reasons, it is recommended that defendants' motion be denied.

## I. Background[2]

## A. Procedural History

Plaintiff commenced this action on October 6, 2014. See Compl. By Decision and Order entered January 21, 2015, District Judge Brenda K. Sannes granted plaintiff's application to proceed in forma pauperis ("IFP"). Dkt. No. 10 at 28. Following initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Judge Sannes dismissed certain claims with and without prejudice. Id. at 28-29. On July 15, 2015, plaintiff filed an amended complaint. Dkt. No. 16 ("Am. Compl."). Following an initial review of the amended complaint, Judge Sannes accepted the amended complaint for filing and deemed it the operative pleading in this action. Dkt. No. 15. Plaintiff filed a motion to submit a second amended complaint on June 13, 2016. Dkt. No. 51. Defendants filed this motion to

---

[2] All unpublished decisions cited in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

dismiss on June 28, 2016.  Dkt. No. 55.  Plaintiff filed a response on September 9, 2016.[3]

Dkt. No. 60.  Defendants filed a reply.[4]  Dkt. No. 61.  The Court stayed defendants'

deadline to respond to plaintiff's motion to amend pending the Court's decision on this

motion.  Dkt. No. 59.

## II.  Discussion

### A.  28 U.S.C. § 1915(g)

Defendants seek revocation of plaintiff's IFP status under 28 U.S.C. § 1915(g), which

bars prisoners from proceeding IFP after three or more previous claims have been

dismissed as frivolous, malicious, or for failing to state a claim.[5]  See 28 U.S.C. § 1915(g)

---

[3] Plaintiff urges the Court to apply the equitable defense of laches to defendants' motion for dismissal of the amended complaint and revocation of plaintiff's IFP status.  Dkt. No. 60 at 6-7.  Because the Court recommends denying defendants' motion on the merits of their argument set forth in said motion, the Court need not address plaintiff's request to apply the equitable defense of laches at this juncture.  See section II(A) infra.

[4] Defendants argue that the Court should disregard plaintiff's response to their motion as untimely.  Dkt. No. 61, Declaration of Denise P. Buckley, Esq. ("Buckley Decl.") ¶ 2.  The Court disagrees.  The original deadline for plaintiff to respond to defendants' motion was extended by this Court from August 1, 2016 to September 6, 2016.  Dkt. No. 58.  Plaintiff's response is signed and dated September 5, 2016.  Dkt. No. 60 at 7.  Under the prison mailbox rule, filings by prisoners are deemed filed on the date that they are delivered to prison officials, and that date can be presumed as the date on the signature line of the filing.  Quezada v. Capra, No. 13-CV-8574 (VSB), 2015 WL 2130217, at *4 n.2 (S.D.N.Y. May 6, 2015).  Thus, plaintiff's response was timely filed.

[5] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Judge Sannes found that plaintiff had accrued three strikes under section 1915(g), but also made a preliminary finding that plaintiff faced imminent danger of serious physical injury, therefore allowing plaintiff to proceed IFP.  Dkt. No. 10 at 6.

(2006).[6] Frivolous claims "lack[] an arguable basis either in law or in fact." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). Malicious claims are filed with the intent to hurt or harm another. Id. (citations omitted). The failure to state a claim applies a parallel definition from Fed. R. Civ. P. 12(b)(6), but "it does not follow that a complaint which falls afoul of the [12(b)(6) motion to dismiss] standard will invariably fall afoul of the [§ 1915(g) standard]." Neitzke, 490 U.S. at 326; see also Tafari, 473 F.3d at 442 (citations omitted).

This "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see also Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (applying the imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'") In determining whether the imminent danger provision applies, the Court must evaluate whether the claimed danger was still in existence when the complaint was filed and whether such danger was sufficiently serious, in light of the liberal standards accorded to pro se plaintiffs, to require protection. Chavis v. Chappius, 618 F.3d 162, 169-70 (2d Cir. 2010) (citations omitted). Thus, vague, conclusory, non-specific or implausible allegations of imminent danger are insufficient to circumvent the three-strikes bar. Id. at 170 (citations omitted). Additionally, dismissal is not precluded by the fact that plaintiff has already been granted IFP status in this action. Dkt No. 10. When a court becomes aware of three prior

---

[6] The three-strikes provision was adopted as part of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1995), which had as its principal purpose deterring frivolous prisoner litigation. Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under 28 U.S.C. § 1915(g).  See McFadden v. Parpan, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998).

Judge Sannes previously reviewed plaintiff's litigation history and determined that plaintiff has accrued three strikes.  Dkt. No. 10 at 3 n.4.  Thus, it must be determined whether plaintiff has sufficiently pled a condition which satisfies the imminent danger exception.

Here, Judge Sannes determined, based on the allegations in plaintiff's original complaint, that plaintiff alleged sufficient facts to support a preliminary finding that he was under imminent danger of serious physical injury when he filed this action.  Dkt. No. 10 at 5-6.  Plaintiff, who suffers from diabetes mellitus, made several allegations in his complaint to support his claim of deliberate indifference to his serious medical needs.  Compl. at 2. Plaintiff's original complaint alleged that: (1) "the day following plaintiff's arrival to Upstate February 25, 2014, physical assistant M. Kowalchuk discontinued his entire D/M treatment plan"; (2) she refused to submit plaintiff's physical therapy renewal request April 14, 2014; (3) she failed to provide a PM snack for "bedtime hypoglycemia episodes per September 12, 2014 sick call response"; (4) during a two-week hospitalization from February 27, 2014 until March 11, 2014, defendants failed to conduct adequate testing and examinations or address hypoglycemia episodes; (5) from February 24, 2014 until April 28, 2014, plaintiff lost ten percent of his body weight; and (6) "from April 28, 2014 to the present G. Schroyer has been providing plaintiff with a course of largely ineffective treatment."  Id. at 2-3.  These allegations were reiterated in plaintiff's amended complaint.  See Am. Compl. at 2-4.

Defendants assert that plaintiff was not under imminent danger when he filed the

complaint in this action because "even a cursory review of the complaint in the instant matter confirms that Plaintiff was not facing any imminent harm." Dkt. No. 55-3 at 6. However, defendants offer no facts to refute Judge Sannes' preliminary finding that plaintiff satisfied the imminent danger exception.

In determining whether a plaintiff has sufficiently demonstrated "imminent danger," the Second Circuit has cautioned courts to "'not make an overly detailed inquiry into whether the allegations qualify for the exception,' because § 1915(g) 'concerns only a threshold procedural question.'" Chavis, 618 F.3d 162, 169 (quoting Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002)). Here, Judge Sannes has already determined that the allegations in plaintiff's complaint are sufficient, at this juncture, to satisfy the imminent danger exception. Dkt. No. 10 at 3-4. Courts in this Circuit and others have held that claims of denial of healthcare to an inmate suffering from a chronic disease, such as diabetes, satisfy the imminent danger exception. See Vandiver v. Vasbinder, 416 F. App'x 560, 562-63 (6th Cir. 2011) (finding that the imminent danger exception was satisfied where the plaintiff suffered from diabetes and Hepatitis C and alleged that he was denied healthcare); Day v. Bannish, No. 3:09-CV-254 (RNC), 2009 WL 2589556, at *2 (D. Conn. Aug. 21, 2009) (finding that the imminent danger exception was satisfied where the plaintiff alleged that a denial of medical care had worsened his diabetes and heart condition, and caused a chronic infection).

To refute a preliminary finding with facts that satisfy the imminent danger exception, the Court may look outside the four corners of the complaint. Abreu v. Lira, No. 9:12-CV-1385 (NAM/DEP), 2014 WL 4966911, at *7 (N.D.N.Y. Sept. 30, 2014) (citing Stine v. U.S. Fed. Bureau of Prisons, 465 F. App'x 790, 794 n.4 (10th Cir. 2012)). But here, defendants

have not presented the Court with anything other than the bare assertion that plaintiff has failed to satisfy the imminent danger exception. Indeed, in <u>Abreu</u>, the Court determined that the defendants had presented sufficient facts to reverse its preliminary finding that the imminent danger exception applied only after considering affidavits submitted by prison medical staff who treated plaintiff during the relevant period, in conjunction with the plaintiff's medical records. <u>See id.</u> at *8-10. Here, defendants have not presented the Court with any evidence to disturb Judge Sannes' preliminary finding. In asking the Court to revoke plaintiff's IFP status without presenting anything that would support the Court's granting such relief, defendants are essentially asking the Court to make a detailed inquiry into whether the allegations in plaintiff's complaint qualify for the imminent danger exception. Such an inquiry would be performed in contravention of the Second Circuit's clear precedent. <u>See Andrews v. Cervantes</u>, 493 F.3d 1047, 1055 (2d Cir. 2007) (stressing that section 1915(g) concerns only a threshold procedural question and finding that the plaintiff's claims satisfied the imminent danger exception). Thus, the undersigned will not recommend revoking plaintiff's IFP status, as this matter has yet to move past the pleading stage. <u>See Williams v. Fisher</u>, No. 9:11-CV-379 (NAM/TWD), 2013 WL 636983, at *10 (N.D.N.Y. Jan. 29, 2013) (declining to disturb preliminary finding of imminent danger where the defendants attacked the plaintiff's claims on their merits).

Accordingly, the undersigned recommends that defendants' motion to dismiss the amended complaint and revoke plaintiff's IFP status be denied, without prejudice to renew.

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendants' motion for dismissal and revocation of plaintiff's

IFP status be **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on

the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. 636 (b) (1), the parties may lodge written objections to the

foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE**

**APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y

of HHS, 892 F.2d 15 (2d Cir. 1989); see also 28 U.S.C. § 636 (b)(1); FED. R. CIV. P. 72,

6(a), 6(e).

Dated:  October 31, 2016
     Albany, New York

Christian F. Hummel
U.S. Magistrate Judge