UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN GREEN,

                                   **Plaintiff,**

v.                                                                    9:14-cv-1215 (BKS/CFH)

D. VENETTOZZI, *et al.*,

                                   **Defendants.**
_____

**APPEARANCES:**

Shawn Green
97-A-0801
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929
*Plaintiff pro se*

Denise P. Buckley, Esq.
Assistant Attorney General
Eric T. Schneiderman
New York State Attorney General
The Capitol
Albany, NY 12224
*For Defendants*

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.**      **INTRODUCTION**

      Plaintiff pro se Shawn Green appeals United States Magistrate Judge Christian Hummel's (i) April 11, 2017 text order denying Plaintiff's motion for sanctions (Dkt. No. 80), (ii) April 21, 2017 Order denying Plaintiff's motion to strike Defendant's affirmative defenses (Dkt. No. 85), and (iii) July 17, 2017 Order denying Plaintiff's motion for leave to file a second amended

complaint (Dkt. No. 92).  (Dkt. Nos. 86, 87, 93).  Defendants filed responses in opposition to the appeals on May 15, 2017 and September 8, 2017.  (Dkt. Nos. 88, 95).  Plaintiff filed replies to Defendant's responses in opposition on May 26, 2017 and September 18, 2017.  (Dkt. Nos. 91, 96).  For the following reasons, Magistrate Judge Hummel's orders denying Plaintiff's motion for sanctions (Dkt. No. 80), motion to strike Defendants' affirmative defenses (Dkt. No. 85), and motion for leave to file a second amended appeal (Dkt. No. 92) are affirmed.

## II.     STANDARD OF REVIEW

A magistrate judge may issue orders regarding non-dispositive pretrial matters—such matters are committed to the discretion of the magistrate judge and the Court's review of such orders is limited to determining whether the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see Kiobel v. Millson*, 592 F.3d 78, 88 (2d Cir. 2010) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). "Under this highly deferential standard, magistrate judges are 'afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused.'" *Storms v. United States*, No. 13-CV-0811 (MKB), 2014 WL 3547016, at *4, 2014 U.S. Dist. LEXIS 96665, at *15 (E.D.N.Y. July 16, 2014) (quoting *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2, 2014 U.S. Dist. LEXIS, at *6-7 (E.D.N.Y. Apr. 2, 2014)).  The Court therefore reviews Magistrate Judge Hummel's denial of Plaintiff's motion for discovery-related sanctions for clear error or conclusions that are contrary to law.

Regarding dispositive matters determined by a magistrate judge, the Court reviews such orders de novo. *Wilson v. City of N.Y.*, No. 06-CV-229 (ARR) (VVP), 2008 WL 1909212, at *4, 2008 U.S. Dist. LEXIS 35461, at *12 (E.D.N.Y. Apr. 29, 2008).  The appropriate standard by

which to evaluate Judge Hummel's denial of Plaintiff's motion to file a second amended complaint and denial of Plaintiff's motion to strike affirmative defenses thus turns on whether the motions are properly considered dispositive.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Although the Second Circuit "has not ruled on whether a motion to amend a pleading is properly classified as dispositive or nondispositive," *Children First Found., Inc. v. Martinez*, No. 1:04-CV-0927 (NPM), 2007 WL 4618524, at *4, 2007 U.S. Dist. LEXIS 94944, at *14-15 (N.D.N.Y. Dec. 27, 2007), it has referred to a motion to amend as nondispositive.  *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  Generally, "the weight of authority appears to be such that motions [to amend pleadings] are non-dispositive." *Utica Mut. Ins. Co. v. Century Indem. Co.*, No. 6:13-CV-995, 2015 WL 3429116, at *2, 2015 U.S. Dist. LEXIS 71348, at *4 (N.D.N.Y. May 11, 2015).  However, some courts in this circuit "have concluded that it is appropriate to treat a motion to amend as dispositive when the magistrate judge decided it based on a substantive evaluation of proposed claims, such as on the basis of futility of the proposed amendment, while other grounds for denying a motion to dismiss should receive clearly erroneous review."  *Eastman Chem. Co. v. Nestlé Waters Mgmt. & Tech.*, No. 11 Civ. 2589 (KPF), 2014 WL 1316772, at *1, 2014 U.S. Dist. LEXIS 46343, at *5 (S.D.N.Y. Apr. 1, 2014); *see also Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW) (DCF), 2009 WL 3467756, at *4 n.2, 2009 U.S. Dist. LEXIS 100478, at *11–12 n.2 (S.D.N.Y. Oct. 28, 2009).  In this case, as set forth below, even if Magistrate Judge Hummel's denial of Plaintiff's motion to file a second amended complaint based on futility is considered dispositive and subject to de novo review, there was no error.

Courts have reviewed Magistrate Judge determinations striking affirmative defenses as dispositive matters. *Specialty Minerals, Inc. v. Pluess-Straufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005) (noting, in reviewing a recommendation to strike an affirmative defense, that "[a] motion to strike an affirmative defense is clearly dispositive of a . . . defense of a party"); *United States v. Davis*, 794 F.Supp. 67, 68 (D.R.I. 1992) (noting that "[a]n order striking affirmative defenses is dispositive of those defenses," and that "[a] motion seeking such an order, even if denied in part, is also a dispositive pre-trial matter'). In this case Magistrate Judge Hummel denied Plaintiff's motion to strike affirmative defenses. Even if this determination is considered dispositive and subject to de novo review, however, as set forth below, there was no error.

### III. DISCUSSION

#### a. Motion for Sanctions

First, Magistrate Judge Hummel's Text Order denying Plaintiff's motion for sanctions was not "clearly erroneous or contrary to law." Under Rule 37(c), sanctions may be appropriate where "a party fails to provide information . . . as required by Rule 26(a) or (e). . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). Plaintiff's motion for sanctions stems from Plaintiff's claim that defense counsel failed to provide Mandatory Pretrial Discovery materials sufficiently in advance of Plaintiff's deposition, originally scheduled to take place on February 22, 2017, but before the discovery deadline of March 31, 2017. (Dkt. Nos. 76, 77). Defense counsel, apparently having become aware of this omission "[w]hile preparing for Plaintiff's deposition," sent Plaintiff the relevant discovery materials on February 13, 2017 and rescheduled Plaintiff's deposition for March 1, 2017 to allow time for Plaintiff to prepare. (Dkt.

4

No. 77). Plaintiff acknowledges that he received the materials on February 22, 2017. (Dkt. No. 76). The Court recognizes that, because Plaintiff's motion was denied by text order (Dkt. No. 80), the precise grounds of Magistrate Judge Hummel's decision are unspecified. Nevertheless, even assuming that defense counsel's conduct violated any provision of Rule 26, it was well within Magistrate Judge Hummel's discretion to determine that sanctions were inappropriate because, for instance, defense counsel's omission was harmless. The Court is therefore unable to conclude that Magistrate Judge Hummel's denial of Plaintiff's motion for sanctions was either clearly erroneous or contrary to law, and Plaintiff's appeal of the denial of his motion for sanctions (Dkt. No. 86) is denied.

### b. Motion to Strike Affirmative Defenses

Magistrate Judge Hummel correctly denied Plaintiff's motion to strike eleven of Defendant's affirmative defenses. Pursuant to Rule 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "It is well-established in this Circuit that a motion to strike an affirmative defense . . . for legal insufficiency is not favored . . . [and] was never intended to furnish an opportunity for the determination of disputed and substantial questions of law[,] . . . particularly [when] there has been no significant discovery." *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 271-72 (S.D.N.Y. 1999) (citations and internal quotation marks omitted). To successfully move to strike affirmative defenses, a plaintiff must demonstrate that "(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in

5

prejudice to the movant." *SEC v. Lee*, 720 F. Supp. 2d 305, 340 (S.D.N.Y. 2010) (quoting *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)).

Plaintiff has failed to demonstrate any of the three requirements necessary to strike the affirmative defenses asserted by Defendants. As Magistrate Judge Hummel's April 21, 2017 Order correctly noted, "[a]t this stage of the litigation, discovery is ongoing and questions of fact exist as to each of the affirmative defenses asserted in the answer . . . [and] legal theories exist to support each of the challenged affirmative defenses." (Dkt. No. 85 at 3). Accordingly, Magistrate Judge Hummel's decision to deny Plaintiff's motion to strike Defendant's affirmative defenses was proper, and Plaintiff's appeal of the denial (Dkt. No. 87) is denied.

### c. Motion for Leave to File Second Amended Complaint

Finally, Magistrate Judge Hummel correctly denied Plaintiff's motion for leave to file a second amended complaint. Although a court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a), where "the amended portion of the complaint would fail to state a cause of action . . . the district court may deny the party's request to amend." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). "[I]f the proposed claim could not withstand a motion to dismiss under Rule 12(b)(6)," it is appropriate to deny "leave to amend [because] the proposed amendment is futile." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). As Magistrate Judge Hummel's July 17, 2017 Order (Dkt. No. 92) correctly concludes, Plaintiff's proposed second amended complaint fails to adequately plead his newly stated Fourteenth Amendment right to privacy, failure to supervise, and conspiracy claims, as well as Plaintiff's previously stated claims that were dismissed by this Court's January 21, 2015 and July 15, 2015 Orders (Dkt. Nos. 10, 15). These claims would not withstand a motion to dismiss under

Rule 12(b)(6), thus rendering filing of the second amended complaint futile. Accordingly, Magistrate Judge Hummel's decision to deny Plaintiff's motion for leave to file a second amended complaint was appropriate, and Plaintiff's appeal of the denial (Dkt. No. 93) is denied.

## IV.     CONCLUSION

For these reasons it is

**ORDERED** that the April 11, 2017 Text Order (Dkt. No. 80), April 21, 2017 Order (Dkt. No. 85), and July 17, 2017 Order (Dkt. No. 92) are **AFFIRMED,** and Plaintiff's Appeals (Dkt. Nos. 86, 87, 93) are **DENIED.**

**IT IS SO ORDERED.**

**Dated:  October 20, 2017**

_____
Brenda K. Sannes
U.S. District Judge