**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

SHAWN GREEN,

          Plaintiff,      9:14-cv-1215 (BKS/CFH)

v.

D. VENETTOZZI, *et al.*,

          Defendants.

---

**APPEARANCES:**

Shawn Green
97-A-0801
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929
*Plaintiff, pro se*

Denise P. Buckley
Assistant Attorney General
New York State Attorney General's Office
The Capitol
Albany, NY 12224
*Attorney for Defendants*

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

  Plaintiff pro se Shawn Green, a New York State inmate, commenced this action under 42 U.S.C. § 1983 asserting violations of the First, Eighth, and Fourteenth Amendments arising out of his incarceration at the Upstate Correctional Facility. (Dkt. No. 16). Prior to this action Plaintiff had "on 3 or more occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g); (Dkt. No. 10, at 3 n.4); *see* Green v. Morse, No. 00-cv-6533, 2006 WL 2927871, **3–4, 2006 U.S. Dist. LEXIS 74331, at *12 (W.D.N.Y. Oct. 12, 2006). However, liberally construing Plaintiff's allegations concerning deliberate indifference to his diabetes mellitus, the Court permitted Plaintiff to proceed in forma pauperis under the "imminent danger of serious physical injury" exception to the three strikes provision in 28 U.S.C. § 1915(g). (Dkt. No. 10).

On April 24, 2018, Defendants Donald Venettozzi, Russell Blair, Rita Grinbergs, Richard McDevitt, Donald Uhler, William Trombly, Roy Richards, Vijaykumar Mandalaywala, Glenn Schroyer, Mary Kowalchuk, Martha Sturgen, Patti Robertson, Candy Atkinson, Jamie Tavernier (formerly known as Jamie Bergeron) and Geraldine Wilson ("Defendants") filed a motion for summary judgment under Fed. R. Civ. P. 56(a), seeking dismissal of the amended complaint in its entirety, or, in the alternative, seeking the revocation of Plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). (Dkt. No. 121). Defendants' motion was fully briefed, with a response by the Plaintiff and a reply from the Defendants. (Dkt. Nos. 127 and 129). On November 21, 2018, United States Magistrate Judge Christian F. Hummel issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted, and that Plaintiff's amended complaint be dismissed in its entirety, with prejudice. (Dkt. No. 140). In the alternative, Magistrate Judge Hummel recommended that the order granting Plaintiff's in forma pauperis status be revoked. (*Id.*, at 72–76). Plaintiff filed objections to the Report-Recommendation. (Dkt. No. 141).

## II. STANDARD OF REVIEW

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's

note to 1983 amendment. "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "Even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal. . . ." *Machicote v. Ercole*, No. 06-CV-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

### III. DISCUSSION

In his Report-Recommendation Magistrate Judge Hummel thoroughly analyzed the record evidence and the applicable law governing Plaintiff's claims against each of the sixteen remaining Defendants. With respect to the medical indifference claim, Magistrate Judge Hummel concluded that Plaintiff "failed to provide evidence from which a fact-finder could reasonably conclude that defendants' alleged failures constitute deliberate indifference to plaintiff's sufficiently serious medical condition." (*Id.*, at 42). Magistrate Judge Hummel assumed that Plaintiff's request for medical treatment was conduct protected under the First Amendment, but concluded that summary judgment was warranted on the retaliation claim because there was a non-retaliatory reason for the misbehavior report, noting that there is no dispute that Plaintiff committed the conduct charged. (*Id.*, at 56–59). Magistrate Judge Hummel concluded that Plaintiff's three-month SHU confinement did not implicate a liberty interest and, even if it had, Plaintiff's due process rights were not violated in the disciplinary hearing that led to the confinement. (*Id.*, at 64–69). Magistrate Judge Hummel found that Plaintiff's claims

3

against five of the defendants failed based on a lack of personal involvement, and the absence of any underlying constitutional violation. (Dkt. No. 140, at 32–39).[1] Alternatively, Magistrate Judge Hummel recommended that Plaintiff's IFP status be revoked because "there is no indication in the record that plaintiff suffered from imminent danger at the time he filed the complaint." (*Id.*, at 75–76).

The bulk of Plaintiffs' "objections" to the Report-Recommendation consist of arguments in opposition to the motion for summary judgment. For the most part, Plaintiff failed to identify specific objections to portions of the report, and the basis for any such objection, and thereby failed to preserve objections to the report. To the extent Plaintiff has failed to properly preserve a specific objection to the Report-Recommendation, the Court's review is for plain error.

The Court has reviewed each of Plaintiff's specific objections de novo, and concurs in Magistrate Judge Hummel thoughtful analysis. Plaintiff asserts that Magistrate Judge Hummel did not "draw all, if any reasonable inferences against the moving parties," and based analysis regarding medical indifference on a "distorted assessment," "overlooking defendants [sic] subjective recklessness." (Dkt. No. 141, at 2–3). Plaintiff, however, fails to point to any specific example and the Court has found none. The Report-Recommendation carefully documents the extensive record evidence of the medical treatment provided to Plaintiff. (Dkt. No. 140, at 2–22). Considering that evidence in the light most favorable to the Plaintiff, the Court concurs in Magistrate Judge Hummel's determination that Plaintiff has failed to raise a triable issue of fact on his medical indifference claim.

---

[1] Magistrate Judge Hummel recommended that the claims against Defendant C.J. Koenigsmann be dismissed with prejudice because Plaintiff failed to serve him within the 120-day service time limit, and the statute of limitation has run as to those claims. (Dkt. No. 140, at 2 n.2). Plaintiff has not objected to that recommendation.

Plaintiff asserts that he did not have notice prior to Magistrate Judge Hummel's "sua sponte" recommendation that summary judgment be granted as to Defendants Blair, McDevitt, Robertson and Sturgen. (Dkt No. 141, at 2). This is entirely without merit. Defendants Blair, McDevitt, Robertson, and Sturgen moved for an order of summary judgment. (Dkt. No. 121). Plaintiff filed a response to that motion, in which Plaintiff noted and specifically addressed the personal involvement issue regarding supervisory Defendants Blair, McDevitt and Sturgen. (*See* Dkt. No. 127, at 4; Dkt. No. 127-2 at 12–13).

Plaintiff argues that Magistrate Judge Hummel erred in analyzing the First Amendment retaliation claim by neglecting to apply certain state regulations concerning confidential communications with a health care provider. (Dkt. No. 141, at 3–4). This is also without merit. Magistrate Judge Hummel did consider the regulations.[2] And Magistrate Judge Hummel did not reject Plaintiff's claim that his demand for treatment constituted protected conduct under the First Amendment; instead it was "assum[ed] for the purposes of the motion, that plaintiff's request constitutes protected activity." (Dkt. No. 140, at 56). Magistrate Judge Hummel then correctly concluded that the retaliation claim fails under governing Second Circuit law because "there is no dispute that plaintiff committed the conduct charged and that C.O. Richards had a non-retaliatory justification to issue the misbehavior report." (*Id.*, at 58); *see Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002); *Chavis v. Goord*, 333 F. Appx. 641, 644 (2d Cir. 2009) (summary order).

---

[2] The state regulations Plaintiff relies on are 7 NYCRR § 303.4(f) ("To the extent consistent with the safety and good order of the facility, staff shall respect an inmate's right to privacy during medical encounters and the confidential nature of communications between inmates and health care providers.") and 9 NYCRR § 7651.26(a)(8) (inmate patients have the right to "privacy and confidentiality of all records pertaining to the inmate's treatment, except as otherwise provided by law and consistent with the safety and good order of the facility."). (Dkt. No. 141, at 3). Magistrate Judge Hummel specifically considered Plaintiff's privacy-related allegations and evidence. (Dkt. No. 140, at 55–56 & n.15).

Plaintiff challenges the liberty interest analysis in the Report-Recommendation, asserting that Magistrate Judge Hummel did not take into consideration "the conditions cited in operative complaint collectively nor Plaintiff's inadequate medical care or the psychological effects of his confinement at Upstate for such a period of time." (Dkt. No. 141, at 14).[3] Plaintiff has not identified any record evidence of a condition that Magistrate Judge Hummel failed to consider in his three-page analysis of the conditions of Plaintiff's SHU confinement. (Dkt. No. 140, at 61–64). Magistrate Judge Hummel did not fail to consider Plaintiff's argument regarding his medical care; he simply found that Plaintiff failed to establish the inadequacy of that care. (*Id.*, at 63). In any event, even if Plaintiff did have a liberty interest, the Court concurs in Magistrate Judge Hummel's determination that Plaintiff failed to raise any viable due process challenge to the disciplinary hearing. (*Id.*, at 64–69).

The Court has reviewed for plain error the portions of the Report-Recommendation as to which Plaintiff failed to preserve an objection, and found none. Accordingly, the Court adopts Magistrate Judge Hummel's recommendation that the Defendants' motion for summary judgment be granted; that Plaintiff's claims against Defendant C.J. Koenigsmann be dismissed with prejudice; and that the Plaintiff's amended complaint be dismissed with prejudice.[4]

## IV. CONCLUSION

For these reasons, it is hereby

---

[3] Plaintiff asserts, without citation, that he served 366 days in SHU, "from January 4, 2014 to January 5, 2014 [sic] as a result of four MBRS issued during said period." (Dkt. No. 141, at 14). Plaintiff previously asserted in his memorandum of law, in response to the Defendants' summary judgment motion, again without any record citation, that the period of his SHU confinement was from February 25, 2014 until January 5, 2015. (Dkt. No. 127-2, at 6). The disciplinary hearing challenged in this case resulted in the imposition of a three-month period of SHU confinement on April 1, 2014. (Dkt. No. 121-10, at 4–5; Dkt. No. 121-2, at 57). Defendants considered this three-month period, as did Magistrate Judge Hummel. (Dkt. No. 121-3 at 18; Dkt. No. 140, at 4, 26, 60). In any event, as discussed above, even if Plaintiff had a liberty interest, there was no due process violation.

[4] In light of the Court's ruling, the Court has not considered Magistrate Judge Hummel's alternative recommendation that Plaintiff's in forma pauperis status be revoked.

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 140) regarding Defendants' motion for summary judgment and the Plaintiff's claims against Defendant C.J. Koenigsmann is **ADOPTED**; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. No. 121) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendant C.J. Koenigsmann are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 16) is **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 14, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge