UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHAWN GREEN,

         Plaintiff,

 v.                   9:14-CV-1215
                          (BKS/CFH)

D. VENETTOZZI, et. al.,

         Defendants.

---

APPEARANCES:

SHAWN GREEN
97-A-0801
Plaintiff, pro se
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. LETITIA JAMES            DENISE P. BUCKLEY, ESQ.
New York State Attorney General - Albany   Ass't Attorney General
The Capitol
Albany, NY 12224
Attorney for Defendants

BRENDA K. SANNES
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

In a Decision and Order filed on February 14, 2019 (the "February Order"), the Report-Recommendation of Magistrate Judge Hummel was accepted and adopted in its entirety; the motion for summary judgment filed on behalf of Defendants was granted and Plaintiff's claims were dismissed with prejudice. Dkt. No. 143. Judgment in favor of

1

Defendants was duly entered by the Clerk of the Court.[1]  Dkt. No. 144

Presently before the Court for consideration is Defendants' motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.  Dkt. No. 145.  On July 22, 2019 and August 5, 2019, Plaintiff, who is currently confined at Upstate Correctional Facility ("Upstate C.F."), filed letters advising the Court that he could not submit opposition to the motion because his property was confiscated.  Dkt. Nos. 153 and 154.  Plaintiff also requested a "Court Order" and a complete copy of the "Court's Docket".  *Id*.

## II. BILL OF COSTS

In accordance with Rule 54(d), prevailing parties may recover certain allowable, reasonable, and necessary costs.  The Supreme Court has construed the term "cost" in this context to include only the specific items enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S. 437, 441 (1987).  The six categories of expenses which may be taxed as costs are:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  On a proper showing by the losing party, otherwise allowable costs may be denied by the district court because of misconduct by the prevailing party, the public

---

[1] Plaintiff's appeal from that Judgment was stayed by the Second Circuit pending the resolution of motions.  Dkt. No. 149.

importance of the case, the difficulty of the issues, or the losing party's limited financial resources. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court. *Id*. at 269.

The Bill of Costs submitted by Defendants seeks to recover a total of $1,198.48 which includes the costs of Plaintiff's deposition and the fees for exemplification and copies of papers necessarily obtained for use in the case. Dkt. No. 145.

Generally speaking, the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party. *See Whitfield*, 241 F.3d at 270. "When a deposition transcript is used or received in evidence at trial, or is submitted to the court for consideration of a motion for summary judgment, costs are properly allowed, without regard to whether the deposition is specifically relied on as a basis for the decision." *McEachin v. Goord*, No. 9:01-CV-0259 (GJD), 2007 WL 1571981, at *1 (N.D.N.Y. May 25, 2007).

In this case, Defendants elicited Plaintiff's testimony during the discovery period and annexed the transcript as an exhibit to the motion for summary judgment. Dkt. No. 121-8. The Court finds that the deposition was necessarily obtained for use in the case and is properly allowed as a cost recoverable by Defendants.

Defendants also seek to recover the cost of "one (1) copy of discovery (one hard copy produced to plaintiff totaling 1,404 pages) and one (1) copy of Plaintiff's deposition transcript totaling 169 pages." Dkt. No. 145 at 3. The items are identified as a Hearing Packet, Certified Transcript of Hearing, grievance records, requests for special accommodations, correspondence with Health Services, and medical records. *Id*. at 10-11. "Courts interpret

[28 U.S.C. § 1920(4)] to include photocopying charges for discovery." *Phillips v. Allen*, No. 07 C 666, 2011 WL 1884558, at *2 (N.D. Ill. May 6, 2011) (citing *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000)). Here, counsel "provided sufficient information regarding the purpose of the copies" and the Court finds that the copies were "necessary [as it] relate[s] to the 'initial disclosure requirements.' " *See U.S. ex rel. Cullins v. Astra, Inc.*, No. 09-60696-CIV, 2010 WL 3008833, at *5 (S.D. Fla. July 28, 2010)

Defendants' counsel has provided the Court with exhibits to the bill of costs and provided detail as to the quantity and cost per page of the items copied at twenty-five cents per page – a rate which the court finds to be reasonable.

In accordance with the above, the Court directs the Clerk to tax the following costs in connection with the Judgment entered in this action: Fees for Deposition ($805.23) and Fees for Copies ($393.25) for a total of $1,198.48.

## III.    Remaining Requests for Relief

Plaintiff seeks an "urgent Court Order" directing Donald G. Uhler, the Superintendent at Upstate C.F., to provide Plaintiff with access to "all" of his property. Dkt. No. 153. Plaintiff's issues related to access to his property at Upstate C.F., *see* Dkt. Nos. 153 and 154, has no apparent relationship to this action, and seeks no relief available from this Court herein. Plaintiff is advised that this action is closed; further submissions in this case are not authorized. Insofar as Plaintiff may be requesting that this Court construe his letter as a Complaint and commence a new action on his behalf, that request is denied. Nevertheless, the Clerk of the Court is directed to send Plaintiff a copy of his letters (Dkt. Nos. 153 and 154), a form complaint available for use in Section 1983 actions, and an application to

4

proceed in forma pauperis.

In his correspondence, Plaintiff also requests an "estimate as to [the] number of pages each District Court's Docket consist[s] of as well as cost for a complete copy thereof."[2] Dkt. No. 154.

28 U.S.C. § 1915, which governs in forma pauperis proceedings, does not state that indigent parties are entitled to complimentary copies of the materials contained in a court's files or any other file. "[T]he granting of in forma pauperis status does not shift the entire financial burden of litigation either to the Court or to the opposing parties. . . a party is required to pay the costs of discovery, including the costs of obtaining copies of requested documents, despite the fact that he has been found to be indigent." *Orraca v. Lee*, No. 9:04-CV-1249 (DNH/DRH), 2007 WL 81921, at *1 (N.D.N.Y. Jan. 9, 2007); *Madison v. Hoey*, 2006 WL 2265016, at *3 (N.D.N.Y. Aug. 4, 2006) (indigent status does not entitle a party to free copies but instead must bear his or her own costs of litigation). Local Rule 5.4(a) is clear that in forma pauperis status does not relieve a party of the obligation to pay all other fees for which that party is responsible regarding the action, including but not limited to copying and/or witness fees. Therefore, Plaintiff's request for free copies of documents is denied. If Plaintiff wishes to obtain copies of filings from the Court, the Clerk will compute the amount Plaintiff must prepay, at a cost of $0.50 per page, in order to obtain such copies. The Court directs the Clerk to provide a courtesy copy of the docket sheet for this action to Plaintiff together with a "Photocopy Request Form".

## IV. CONCLUSION

---

[2] Plaintiff refers to himself as "Plaintiff/Petitioner" in "three cases currently pending" in this Court. Dkt. No. 154 at 1.

**WHEREFORE, it is hereby**

**ORDERED** that Defendants' motion for a Bill of Costs is **GRANTED**; and it is further

**ORDERED** that the Bill of Costs submitted by Defendants (Dkt. No. 145) is approved in its entirety and Defendants shall recover a total of $1,198.48; and it is further

**ORDERED** that Plaintiff's letter motion (Dkt. No. 153) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send Plaintiff a copy of his letters (Dkt. Nos. 153 and 154), a form complaint available for use in Section 1983 actions, an application to proceed in forma pauperis, a copy of the Docket Sheet for this action, and a Photocopy Request form; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

Dated: September 19, 2019

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge